UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Terry Jaremko,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ERISA Administrative Committee,<br><br>　　　　Defendant. | Case No. 10-1137-RDR-KGS |

## COMPLAINT

Plaintiff states as follows:

1. This is an action under the Employee Retirement Income Security Act (ERISA) of 1974, 29 USC §§ 1001 et seq., more specifically § 1132 (a)(1). This court has jurisdiction under 29 USC § 1132 (e)(1).

2. Plaintiff became a participant under the Sunshine Biscuits, Inc. Pension Plan (Sunshine Plan), an ERISA welfare plan which provided coverage for pension benefits to plaintiff as an employee of Sunshine Biscuits, Inc. (Sunshine).

3. Keebler Company (Keebler) is the successor of Sunshine.

4. Prior to December 31, 1996, Keebler maintained a pension plan (Prior Keebler Plan). On December 31, 1996, the Sunshine Plan was merged into the

Prior Keebler Plan to form the Retirement Plan for Salaried and Certain Hourly-Paid Employees of Keebler Company (Keebler Plan).

5. Kellogg Company is the successor to Keebler.

6. Kellogg Company sponsors the Kellogg Company Pension Plan (Kellogg Plan). The Kellogg Plan provides that certain benefits payable from the Keebler Plan became payable from the Kellogg Plan after December 31, 2003. Plaintiff's claim is payable under the Sunshine Plan and thus the Kellogg Plan is liable for his pension benefits.

7. ERISA Administrative Committee (Kellogg) is the plan administrator for the Kellogg Plan.

8. Plaintiff began employment with Sunshine on August 11, 1981.

9. Plaintiff became an official in the Retail Wholesale and Department Store Union on January 1, 1998.

10. The Sunshine Plan provides for "Golden 80" retirement benefits, as follows:

> You may elect to retire on the first day of any month once your age plus years of Continuous Service total at least 80.

11.  The Sunshine Plan defines "Continuous Service" as follows:

> Generally, your continuous service starts on the first day of the month in which you are hired and ends on the last day of the month in which you retire, terminate your employment or die.

12.  Plaintiff's employment with Sunshine and its successors was not terminated prior to October 1, 2009 nor did plaintiff retire from employment with Sunshine or its successors prior to October 1, 2009.

13.  Prior to April 21, 2009, Plaintiff received no notice of changes or amendments to the Sunshine Plan, received no notice of mergers of the Sunshine Plan, received no notice of changes or amendments to the Keebler Plan, received no notice of mergers of the Keebler Plan, and received no notice of changes or amendments to the Kellogg Plan.

14.  Plaintiff is entitled to any benefits under the Sunshine Plan for which he acquired a vested interest prior to changes, amendments, or mergers involving the Sunshine plan.

15.  At the time plaintiff became a union official, he had a vested interest in pension benefits under the Sunshine Plan.  That vested interest included an interest that his Continuous Service would not be interrupted while he served as a union official and that when he became eligible for the Golden 80 retirement benefits by

3

reason of age and Continuous Service, he would receive retirement benefits according to the terms of the Sunshine Plan.

16. Plaintiff became eligible for the Golden 80 retirement benefits on October 1, 2009, when at the age of 52 years he had 28 years of Continuous Service.

17. On April 21, 2009, plaintiff submitted an application to Kellogg for pension benefits effective October 1, 2009. Plaintiff stated that his "last day of work" would be September 30, 2009.

18. By letter dated May 19, 2009, Kellogg responded to plaintiff's application. For purposes of computing plaintiff's pension benefits, Kellogg used a "last day of work" as December 30, 1997.

19. By letter dated October 20, 2009, Kellogg responded further to plaintiff's application. Kellogg used a "termination date" of January 3, 1998, for purposes of computing plaintiff's pension benefits. Kellogg informed plaintiff that he could appeal its decision.

20. On December 14, 2009, plaintiff appealed Kellogg's October 20, 2009, determination.

21. On January 28, 2010, Kellogg affirmed its initial determination.

22. Plaintiff appealed Kellogg's January 28, 2010, denial on March 22, 2010.

23. On April 22, 2010, Kellogg issued a final denial of plaintiff's application for pension benefits.

24. Kellogg received a request from plaintiff on February 17, 2010, for certain documents including the administrative record for plaintiff's claim and copies of all notices of changes to the Kellogg Plan, the Keebler Plan, and the Sunshine Plan since January 3, 1998. As of the date this lawsuit is filed, Kellogg has not provided the requested documents, indicated in the previous sentence.

25. Kellogg has a legal obligation by 29 C.F.R. 2560.503-1(h) to provide the documents described in paragraph 24 above, upon request by plaintiff, because these documents are relevant to plaintiff's claim.

26. When Kellogg failed to provide the documents described in paragraph 24 above, plaintiff could not adequately prepare an administrative appeal nor properly complete an administrative record for judicial review.

27. Pursuant to 29 U.S.C. §1132(c), a civil penalty should be assessed against Kellogg from February 17, 2010, to the date Kellogg provides the documents described in paragraph 24 above.

28. Kellogg failed in its duty to provide a full and fair review, which included producing the evidence it relied upon, to permit plaintiff to address the accuracy and reliability of such evidence, prior to reaching its decision.

29. Kellogg's denial is arbitrary and capricious, not supported by substantial evidence in the record, and is erroneous as a matter of law.

PLAINTIFF PRAYS that this court enter judgment as follows:

A. That plaintiff is entitled to credit for continuous service, for purposes of computing his pension benefits, from August 11, 1981, to October 1, 2009.

B. In the alternative to paragraph A above, that this court determine that Kellogg has not followed the proper procedures in denying plaintiff's claim; determine that Kellogg's denial is without substantial evidence in the record; determine that this case should be remanded for further evidentiary hearings; and order that Kellogg should be assessed costs and attorney fees associated with the remand because its improper procedures resulted in the necessity for the remand.

C.  That this court impose a civil penalty of at least $100 per day because of Kellogg's failure to provide documents, as required by law, and enter judgment accordingly.

D.  And that this court award plaintiff attorney fees and costs, and for such other and further relief as the court may deem proper.

s/Jack Shelton
Jack Shelton
KS Sup. Ct. No. 7791
Attorney for Plaintiff
608 N. Broadway
Wichita, KS 67214
Telephone: (316)265-5553
Fax: (316)265-9534
E-mail: jacksheltonlaw@att.net

## REQUEST FOR PLACE OF TRIAL

Plaintiff requests that the trial of this case be held in Wichita, Kansas.

s/Jack Shelton
Jack Shelton
