**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| TERRY JAREMKO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-1137-RDR |
| ) | |
| ERISA ADMINISTRATIVE COMMITTEE, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court upon Defendant's Motion for Protective Order (ECF No. 18).[1] Plaintiff has filed a response in opposition to the motion, and the Court also granted Plaintiff leave to file a supplemental response brief. For the reasons explained below, Defendant's motion is granted.

### I.  Relevant Background

This is an action under § 1132(a)(1) of the Employee Retirement Income Security Act of 1974 (ERISA), whereby Plaintiff challenges the denial of pension benefits. On May 28, 2010, the Court conducted a conference call with the parties, during which time they informed the undersigned they disagreed about whether discovery was appropriate in this action. Plaintiff's counsel informed the Court he required additional documents, and defense counsel stated he believed the documents Plaintiff requested would be part of the administrative record. The Court made no determination as to the appropriateness of discovery; however, the Court granted the parties leave to commence written discovery after Defendant served the administrative record on Plaintiff. The Court informed the parties it would issue an order regarding discovery if a dispute arose, which has now occurred.

---

[1] To conform with the recent nineteenth edition of *The Bluebook: A Uniform System of Citation*, the undersigned now designates all docket entries as "ECF No."

Plaintiff served written discovery on Defendant. After Defendant had filed the instant motion and Plaintiff had filed a response brief, the Court conducted a second status conference, during which time Plaintiff requested leave to file a supplemental response brief to inform the Court of recent Tenth Circuit authority Plaintiff believed would aid the undersigned in resolving this matter. The Court discusses this opinion and the parties' other arguments below.

**II.     Discussion**

The standard of review in an ERISA denial of benefits challenge under § 1132(a)(1) is significant to determining whether discovery is appropriate. The Supreme Court has held "a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan."[2] When the plan gives the administrator discretionary authority, the Court applies an arbitrary and capricious standard of review.[3] Although the Plaintiff's briefs appear to suggest confusion exists regarding the appropriate standard of review, this is not the case. During the conference call with the Court on May 28, 2010, both parties stated they agreed the Court should apply an arbitrary and capricious standard of review to the administrator's decision to deny benefits. The pleadings also suggest the proper standard of review is arbitrary and capricious.[4] Accordingly, for the purposes of resolving the instant dispute, the undersigned will evaluate the parties' arguments concerning discovery with the arbitrary and capricious standard of review in mind.

---

[2] *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).

[3] *DeGrado v. Jefferson Pilot Fin. Ins. Co.*, 451 F.3d 1161, 1167 (10th Cir. 2006).

[4] *See* First Am. Compl. at ¶ 29, ECF No. 4 ("Kellogg's denial is arbitrary and capricious . . . .").

When reviewing a plan administrator's decision under an arbitrary and capricious standard, "the district court generally may consider only the arguments and evidence before the administrator at the time it made that decision."[5] "In effect, a curtain falls when the fiduciary completes its review, and for purposes of determining if substantial evidence supported the decision, the district court must evaluate the record as it was at the time of the decision."[6] As Magistrate Judge Karen M. Humphreys explained, generally, "[b]ecause the district court must evaluate the record as it was at the time of the decision under an arbitrary and capricious standard, no purpose is served by conducting discovery in an attempt to supplement the record."[7] There are limited exceptions to this rule, such as when a conflict of interest exists with the plan administrator.[8] Even then, the Court is not required to allow discovery and supplementation of the record. Rather, the party seeking discovery and supplementation of the record bears the burden of establishing it is warranted.[9]

In Plaintiff's supplemental response brief, he argues for the first time that discovery is necessary because an inherent conflict of interest exists, as employees and officers of the pension plan sponsor are the individuals administering the pension plan. Plaintiff failed to mention this theory in any of the conference calls with the Court. He also failed to plead this theory, and he

---

[5] *Sandoval v. Aetna Life and Cas. Ins. Co.*, 967 F.2d 377, 380 (10th Cir. 2002).

[6] *Id.* at 381.

[7] *Thompson v. Assurant Emp. Benefits*, No. 07-1062-MLB, 2008 WL 80181, at *4 (D. Kan. Jan. 8, 2008).

[8] *See, e.g., Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1162 (10th Cir. 2010) (holding that discovery related to the scope and impact of a dual-role conflict of interest may be appropriate in certain instances).

[9] *See id.* at 1163 ("The party moving to supplement the record . . . bears the burden of showing its propriety.") *See also Hall v. UNUM Life Ins. Co. of Am.*, 300 F.3d 1197, 1203 (10th Cir. 2002) ("The party seeking to supplement the record bears the burden of establishing why the district court should exercise its discretion to admit particular evidence by showing how that evidence is necessary to the district court's *de novo* review.").

failed to develop it in his initial response brief to the motion for a protective order. The Court granted Plaintiff leave to file a supplemental response brief to inform the Court of new case law that could bear on the disposition of Defendant's motion. While the Court did not grant Plaintiff leave to assert a new theory capable of being presented earlier, the Court will address this issue as well.

In considering this theory, it is not apparent how exactly Plaintiff contends a dual-role conflict of interest existed or why discovery on this issue is necessary. In Plaintiff's supplemental response brief, he points the Court to *Murphy v. Deloitte & Touche Group Insurance Plan*, a recent Tenth Circuit decision.[10] In *Murphy*, the plaintiff challenged the magistrate judge's denial of her request for discovery and the court's grant of summary judgment for the defendants. The plaintiff sought discovery regarding an inherent dual-role conflict of interest. One of the defendants, MetLife, both insured and administered the plan at issue. In *Murphy*, as here, the court was to review the plan administrator's decision under the arbitrary and capricious standard. The Tenth Circuit reiterated that when district courts apply this standard of review, they are generally limited to the administrative record.[11] Nevertheless, the Tenth Circuit concluded this general restriction does not wholly prohibit supplementation of the record or discovery related to the scope and impact of a dual-role conflict of interest.[12]

In vacating the magistrate judge's denial of discovery, the Tenth Circuit clarified the appropriate standard for discovery regarding a dual-role conflict of interest. While courts should not consider materials outside the administrative record relating to the claimant's eligibility for

---

[10] 619 F.3d 1151.

[11] *Id.* at 1157.

[12] *Id.* at 1162.

4

benefits, "discovery related to the scope and impact of a dual-role conflict of interest may, at times, be appropriate."[13] If the court allows such discovery, it must apply Fed. R. Civ. P. 26(b)(1) to discovery requests related to a dual-role conflict of interest and permit only relevant discovery.[14] Indeed, the Tenth Circuit cautioned against the use of unusually broad discovery that slows the efficient resolution of an ERISA denial of benefits claim and noted that discovery related to a conflict of interest "may often prove inappropriate."[15] The district court will often need to account for several factors weighing against broad discovery. First, the district court must "bear in mind that ERISA seeks a fair and informed resolution of claims, ERISA also seeks to ensure a speedy, inexpensive, and efficient resolution of those claims."[16] Second, the district court must consider the necessity of discovery and weigh the benefits and costs of allowing discovery.[17]

*Murphy* differs from the present case because in *Murphy*, the dual-role conflict of interest was apparent. A dual-role conflict of interest exists when an employer (or an insurer) both evaluates claims and pays benefits because "every dollar provided in benefits is a dollar spent by . . . the employer; and every dollar saved . . . is a dollar in [the employer's] pocket."[18] In *Murphy*, defendant MetLife served as both the administrator and insurer of the plan. Conceivably, MetLife's profits and losses are impacted by the payment or denial of claims. Plaintiff claims a dual-role

---

[13] *Id.*

[14] *Id.* at 1162-63.

[15] *Id.*

[16] *Id.* at 1163.

[17] *Id.*

[18] *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 112 (2008) (quoting *Bruch v. Firestone Tire & Rubber Co.*, 828 F.2d 134, 144 (3d Cir. 1987)).

5

conflict of interest exists in this case because employees and officers of Kellogg Company also administer the plan. However, Defendant has presented evidence that the plan contains a nonreversion clause. Defendant directs the Court to the administrative record and cites a portion of the plan, which states no funds may "revert to [Kellogg] or be used for or diverted to purposes other than the exclusive benefit of Participants and Beneficiaries . . . ."[19] In *Woolsey v. Marion Laboratories, Inc.*, the Tenth Circuit considered allegations of a conflict of interest when plan administrators also served as stockholders and participants in the plan.[20] The plaintiff alleged the administrators acted as agents of his employer to punish him for his conduct. The Tenth Circuit concluded the plaintiff failed to argue any real conflict existed because the plaintiff did not contend his employer financially benefitted from the administrators' actions.[21] The plan at issue in *Woolsey* also contained a nonreversion clause, and therefore the employer "incurs no direct expense as a result of favorable benefit payments to beneficiaries nor benefits from denials of payment."[22] In this case, it does not appear Defendant stood to financially profit from the denial of benefits. Accordingly, it is unclear how Plaintiff contends a conflict of interest exists.

Even if Plaintiff had adequately pled or explained this theory, the Court is not required to allow discovery on this issue.[23] According to *Murphy*, the Court must permit relevant discovery and will often need to account for factors weighing against broad discovery. Under *Murphy*, the Court

---

[19] Def.'s Reply Br. in Supp. of Mot. for Protective Order at 12, ECF No. 24 (citing Administrative Record, KCPP 000633-634).

[20] 934 F.2d 1452, 1459 (10th Cir. 1991).

[21] *Id.*

[22] *Id.*

[23] *Murphy*, 619 F.3d at 1163 (stating that "discovery related to a conflict of interest may often prove inappropriate").

need not automatically permit discovery if a claimant of benefits alleges a conflict of interest. Moreover, *Murphy* is narrowly focused on discovery concerning a dual-role conflict of interest, not discovery on other issues. Although Plaintiff contends some of the discovery he seeks is aimed at developing his theory regarding a conflict of interest, he also seeks discovery beyond this issue. Plaintiff seeks information he contends relates to alleged procedural irregularities,[24] information regarding the proper defendant,[25] information concerning whether the plan administrator's prior interpretations of the plan were consistent,[26] information regarding a union contract that Plaintiff asserts is relevant to determining his eligibility for pension benefits,[27] and information the plan administrator considered in denying Plaintiff pension benefits.[28]

*Murphy* does not support allowing discovery on these issues. The Tenth Circuit's holding in *Murphy* is based in part on the manner in which it has instructed the district court to assess the effect of the dual-role conflict of interest. When an administrator operates under a dual-role conflict of interest, the district court does not alter the level of deference afforded to the plan administrator's decision but must weigh the conflict "as a factor in determining whether there is an abuse of discretion."[29] The Tenth Circuit opined that evaluating the record in this manner proves inconsistent with a blanket prohibition on extra-record discovery because without discovery, a claimant of benefits might not have access to the information to establish the seriousness of the alleged

---

[24] *See, e.g.,* Pl.'s Supplemental Response to Def.'s Mot. For a Protective Order at 9, 19, ECF No. 23.

[25] *See, e.g., id.* at 10, 21.

[26] *See, e.g., id.* at 11.

[27] *See, e.g., id*. at 15.

[28] *See, e.g., id*. at 17.

[29] *Murphy*, 619 F.3d at 1158 n.1 (quoting *Glenn*, 554 U.S. at 108).

7

conflict.[30] However, this rationale would not apply to discovery related to whether substantive evidence supported the administrator's decision or discovery related to issues other than the dual-role conflict of interest.[31] *Murphy* simply cannot be read to support allowing the broad discovery Plaintiff seeks, and Plaintiff has failed to cite any case law suggesting this discovery is permissible.

Assessing these discovery requests under a general relevance inquiry—as Plaintiff urges—also results in a finding that discovery should not be allowed. Plaintiff merely provides conclusory statements that the discovery requests are relevant to certain issues, but he fails to explain with any specificity how exactly he expects this information could support these theories.[32] Indeed, many of these theories appear speculative at best, and some theories appear nowhere in the pleadings. The goal of an ERISA denial of benefits action is to provide a method to resolve disputes inexpensively and expeditiously.[33] Given this well-established principle, Plaintiff's cited authority and explanation regarding why discovery is necessary fall short of establishing discovery is warranted. For these reasons, the Court grants Defendant's motion for a protective order.

Plaintiff shall file his brief seeking review of the denial of benefits within forty-five days from the date of this order. The parties shall follow the briefing schedule outlined in D. Kan. Rule 83.7.1(d).

---

[30] *Id.* at 1157.

[31] *See id.* at 1159-1160 (discussing and approving of prior case law that restricted discovery and supplementation of the record with respect to substantive evidence of eligibility of benefits).

[32] As a side note, the Court acknowledges Plaintiff also states he seeks discovery in order to determine the proper defendant. During a conference call with the undersigned, defense counsel informed Plaintiff that the Kellogg Company Pension Plan is the proper defendant and is also the entity from which any judgment could be satisfied. Defense counsel urged Plaintiff to add this entity as a defendant in addition to the present defendant. It appears Plaintiff would not be prejudiced by proceeding in this fashion, which is a more economical and efficient way to remedy potential issues with an incorrectly named defendant.

[33] *Sandoval*, 967 F.2d at 380.

Accordingly,

**IT IS THEREFORE ORDERED** that the Motion for Protective Order (ECF No. 18) is hereby granted.

**IT IS SO ORDERED.**

Dated this 6th day of January, 2011, at Topeka, Kansas.

s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge