## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

TERRY JAREMKO,

          Plaintiff,

    vs.                         **Case No. 10-1137-RDR**

ERISA ADMINISTRATIVE
COMMITTEE,

          Defendant.

_____

## O R D E R

     This is an action brought by the plaintiff pursuant to § 1132(a)(1) of the Employee Retirement Income Security Act of 1974 (ERISA). Plaintiff claims that his pension benefits were improperly denied. This matter is presently before the court upon plaintiff's motion for review under Fed.R.Civ.P. 72(a). Plaintiff contends that the magistrate improperly denied discovery when he granted defendant's motion for protective order. Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

     Under Fed.R.Civ.P. 72(a), a party may file an objection to a magistrate judge's nondispositive order. Upon review, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed.R.Civ.P. 72(a). The district court must affirm the order "unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." <u>Ocelot Oil</u>

Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988).
Because a magistrate judge has broad discretion in resolving
discovery disputes, the court will overrule the magistrate judge's
decision only for an abuse of discretion. Comeau v. Rupp, 762
F.Supp. 1434, 1450 (D.Kan.1991).

In this motion, plaintiff contends that the magistrate judge's
order was clearly erroneous or contrary to law when he failed to
allow discovery on two matters: (1) an alleged conflict of
interest; and (2) procedural irregularities. Plaintiff argues that
a conflict of interest exists because of the funding requirements
of the plan. He further argues that procedural irregularities were
present because the plan administrator consulted with several
employees of the employer as well as a previous plan administrator
during the review process.

The magistrate recognized that plaintiff's claims concerning
the alleged conflict of interest have been difficult to discern and
ever shifting. Plaintiff never pled this theory and apparently
never raised it with the magistrate during any pretrial proceedings
until it was raised in a supplement to a response to the
defendant's motion for protective order. The magistrate did,
however, reach the merits of the issue, at least based upon the
argument that was raised by plaintiff at that time, and determined
that Murphy v. Deloitte & Touche Group Ins. Plan, 619 F.3d 1151
(10th Cir. 2010) did not allow discovery because the plan in this

2

case had a non-reversion clause unlike the plan in <u>Murphy</u>. Plaintiff then argued in the motion for review that a conflict existed because the non-payment of benefits under the plan could reduce the funding necessary for the plan.

Neither a claimant nor an administrator should be allowed to use discovery to slow the efficient resolution of an ERISA claim. <u>Murphy</u>, 619 F.2d at 1162-63. "[D]iscovery related to conflict of interest may often prove inappropriate." <u>Id</u>. at 1163. A district court has substantial discretion in handling discovery requests under Fed.R.Civ.P. 26(b). <u>Id</u>.(citation omitted).

The court finds that the argument raised in the motion for review concerning the alleged conflict of interest is a new one. The court is unable to find that this argument was ever made to the magistrate. As a result, the court shall not consider it as a basis for overruling his order. <u>See</u> <u>City of Wichita v. Aero Holdings, Inc.</u>, 192 F.R.D. 300, 302 (D.Kan. 2000) (district court review of magistrate order not <u>de</u> <u>novo</u> review permitting second shot based on new arguments). Even if the court were to consider it, we would find that it lacks merit because the Tenth Circuit has considered it, and rejected it under similar circumstances. <u>See</u> <u>Woolsey v. Marion Laboratories, Inc.</u>, 934 F.2d 1452, 1458-59 (10th Cir. 1991).

The court shall next consider plaintiff's argument that procedural irregularities during the review process require that he

3

be allowed to conduct discovery.  Plaintiff suggests that the plan administrator "may have based its decision, in part, on speculation regarding decisions by previous plan administrators."

The court notes that plaintiff has failed to provide any legal authority in support of its position that the action of a plan administrator in consulting a prior plan administrator or several employees of the employer constitutes a "procedural irregularity" such that discovery should be allowed.  The court is unaware of any support for such an argument.  The court fails to find that the magistrate judge abused his discretion in not allowing discovery on this matter.

In sum, the court fails to find that the magistrate judge's decision is clearly erroneous or contrary to law.  The decision of the magistrate is affirmed.  Plaintiff shall have forty-five (45) days from the date of this order in which to file his dispositive motion in this case.

**IT IS THEREFORE ORDERED** that plaintiff's motion for review (Doc. # 27) be hereby denied.  The magistrate judge's decision of January 6, 2011 is hereby affirmed.

**IT IS SO ORDERED.**

Dated this 13th day of June, 2011 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge

4